```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

FLOYD JULIAN BANKS,              :
        Plaintiff
                                 :

        vs.                      :   CIVIL NO. 1:CV-05—0600

REBECCA L. BICKLEY, Director of  :
Bureau of Driver Licensing,
        Defendant                :


M E M O R A N D U M

I.   Introduction

Floyd Julian Banks has filed a pro se complaint alleging violations of his rights as a United States citizen. He seeks monetary damages and a "NDR clearance letter" from the Bureau of Driver Licensing, which is a part of the Pennsylvania Department of Transportation (PENNDOT).[1]  The complaint names the Director of the Bureau of Driver Licensing, Rebecca Bickley, as the defendant.  Banks has applied for in forma pauperis status, which we will grant.  However, pursuant to our authority under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), we will dismiss the complaint.[2]

---

[1] It is not clear from the record before us exactly what a "NDR clearance letter" is.  However, it appears as though the letter would serve to verify to the state of New York that the Plaintiff does not have a driver's license in Pennsylvania.

[2] Under 28 U.S.C. §1915(e)(2)(B)(ii) the court shall dismiss the case at anytime if it finds it fails to state a

II.  Background

Banks' complaint alleges that the Defendant has failed to cooperate with him in his attempt to correct an erroneous driving record.  Plaintiff asserts that prior to and during his residency at a residential treatment facility in New York, known as Daytop, an individual residing in Philadelphia used his personal information to commit identity theft.  As a result of this theft, the individual was able to obtain a driver's license in Pennsylvania using the Plaintiff's name.[3]  On June 24, 2003, while Plaintiff asserts that he was homeless and without any state-issued identification, three traffic tickets were issued in Philadelphia to "Floyd Julian Banks."  After Plaintiff's admittance to the Daytop facility, four more tickets were issued in Philadelphia to "Floyd Julian Banks."  Four of the tickets resulted in "Floyd Julian Banks'" driving privileges being indefinitely suspended.

In December, 2004, the Plaintiff attempted to obtain a driver's permit in New York.  He was informed that he would not be able to receive a permit because of the issues surrounding the Pennsylvania driver's record in his name.  In an attempt to

---

claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.

[3] It is not entirely clear whether Pennsylvania issued a driver's license or a photo identification card.  However, we will refer to the issued card a driver's license.

2

correct the erroneous record, the Plaintiff contacted PENNDOT. He was informed by the Defendant in a letter dated January 12, 2005, of the steps that he would need to take to restore his driving privileges.  Specifically, the Defendant informed him that "any questions regarding the citations or violations processed on your record must be referred to the appropriate court." (Doc. 1).

On January 25, 2005, it appears that someone from Daytop spoke with a Maureen Smith at PENNDOT.  Ms. Smith apparently informed this person that she would inquire as to whether Plaintiff needed to correspond directly with the Philadelphia Traffic Court regarding his alleged driving record. The Plaintiff asserts that she never contacted him with the information.  Finally, Banks states that on March 3, 2005, he again wrote to  the Defendant to explain his situation but has received no response.

The Plaintiff alleges that he has been unable to obtain employment because he does not possess a valid driver's license.  He further asserts that the Defendant's refusal to cooperate is denying him his rights as a United States citizen. He does not, however, identify what rights are being denied.

III.   Discussion

A pro se complaint must be liberally construed. *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004).  Therefore, having thus reviewed the Plaintiff's complaint we conclude that he is raising two claims.  First, he is arguing that the failure of the Defendant to issue him an "NDR clearance letter" is resulting in the denial of his right to have a driver's license.  Second, Banks is contending that the denial of a driver's license is prohibiting him from exercising his right to employment.

With regard to his right to a driver's license, the Plaintiff's argument is that he has never been issued a license or identification card by the state of Pennsylvania.  He also asserts that he has never had a driver's license in any state.  Therefore, he should not have to pay a fee in Pennsylvania to restore his driving privileges.  As such, he contends that his right to a license is being denied by the Defendant's refusal to issue him a "NDR clearance letter."

It is clear that there are due process implications that arise when a state suspends or revokes a driver's license. *See Mackey v. Montrym*, 443 U.S. 1, 10, 99 S. Ct. 2612, 2617, 61 L. Ed 2d 321, 329 (1979); *Dixon v. Love*, 431 U.S. 105, 112, 97 S. Ct. 1723, 1727, 52 L. Ed. 2d 172, 179-80 (1977); *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d

4

90, 94 (1971). However, we have been unable to locate any case that holds that a person has a constitutional right to obtain a driver's license. *See Miller v. Reed*, 176 F.3d 1202, 1206 (9th Cir. 1999)(noting that the Supreme Court has not "afford[ed] the possession of a driver's license the weight of a fundamental right."). Thus, we cannot conclude that the Plaintiff has a right to obtain a driver's license.

It is clear from Plaintiff's submissions that someone has used the name "Floyd Julian Banks" to obtain a driver's license in Pennsylvania. Additionally, that person has accumulated traffic citations which have resulted in a suspension of driving privileges. Pennsylvania law requires that PENNDOT suspend driving privileges upon being notified by a certified court record of various convictions, all of which are applicable to the instant case. *See* 75 Pa.C.S.A. § 1532(b); 75 Pa.C.S.A. § 1543; 75 Pa. C.S.A. § 1786(d). However, Pennsylvania law provides for judicial review of suspensions. *See* 75 Pa.C.S.A. § 1377; 75 Pa.C.S.A. § 1550. In this case, it appears the appropriate court for judicial review of the Plaintiff's case is the Court of Common Pleas in Philadelphia. 42 Pa.C.S.A. § 933 ("In the case of a nonresident individual venue, except as otherwise prescribed by general rules, shall be in the [court of common pleas in the] county in which the offense giving rise to the recall, cancellation, suspension or

5

revocation of operating privileges occurred."). Thus, even assuming that Plaintiff has a constitutional right to due process under the unique factual circumstances of this case, Pennsylvania law provides for the due process that is required. *See generally Mackey*, *supra,* 443 U.S. 1; *Dixon*, *supra*, 431 U.S. 105.

Plaintiff's second claim is that he is being denied his right to employment because he cannot get a license. Specifically, he asserts that he has been denied a job at Daytop's adolescent facility because he does not have a driver's license. However, "[t]he Constitution does not create fundamental interests in particular types of employment." *Edelstein v. Wilentz*, 812 F.2d 128, 132 (3d Cir. 1987). Banks has not alleged that all types of employment are foreclosed to him, only that the specific job he wants has been foreclosed. As such, we cannot find that the Plaintiff can state a claim for relief.

Finally, we note that it appears from the caption that Banks is suing the Defendant in her official capacity.[4] "Suits against state officials in their official capacity...should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S. Ct. 358, 361, 116 L. Ed 2d 301, 309 (1991). To

---

[4] The caption reads "Floyd Julian Banks v. Rebecca L. Bickley, Director or Driver Licensing."

6

the extent that the Plaintiff is seeking monetary damages from the Defendant in her official capacity, his suit would be barred in federal court by the Eleventh Amendment because Pennsylvania has not waived its sovereign immunity for this type of action. *Petsinger v. Pa. Dept. of Transportation*, 211 F. Supp. 2d 610, 612 (E.D. Pa. 2002)(listing the exceptions to sovereign immunity under 42 Pa.C.S.A. § 8522(b) and noting that the exceptions must be "strictly construed.").

If, as alleged, Plaintiff was the victim of identity theft we sympathize with his situation and understand his frustration. However, these considerations cannot provide a legal basis for maintaining this suit as explained above, and we will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 27, 2005

```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

FLOYD JULIAN BANKS,              :
        Plaintiff
                                 :

        vs.                      :    CIVIL NO. 1:CV-05—0600

REBECCA L. BICKLEY, Director of  :
Bureau of Driver Licensing,
        Defendant                :


O R D E R

AND NOW, this 27th day of April, 2005, it is ordered that:

    1. The motion for in forma pauperis status (doc.2) is granted.

    2. The complaint (doc. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

    3. The Clerk of Court shall close this file

                                     /s/William W. Caldwell
                                       William W. Caldwell
                                       United States District Judge